ELECTRONICALLY FILED
2020 Oct 06 4:38 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| JOHN L. FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. _____ |
| ) | JURY DEMANDED |
| PORTER BUILDING OWNERS' ) | |
| ASSOCIATION, INC., Ex. Rel. PORTER ) | |
| BUILDING CONDOMINIUMS and ) | |
| PORTER BUILDING OWNERS' ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

TO THE HONORABLE JUDGES OF THE CIRCUIT COURTS OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

Comes now your Plaintiff, John L. Freeman, by and through his attorneys of record, Robert L. Moore, William W. Heaton, and Heaton and Moore, P.C., and for his Complaint would show as follows:

I.

PARTIES

1) Your Plaintiff is a resident of DeSoto County, Mississippi, residing at 1785 Sherwood Lane, Southaven, Mississippi.

2) Your Defendant Porter Building Condominiums (herein "Defendant Condominiums") is a Horizontal Property Regime organized pursuant to and operating under the provisions of the Tennessee Horizontal Act, T.C.A. 66-27-101, et seq. Defendant Porter Building Condominiums is located at 10 North Main Street, Memphis, Shelby County, Tennessee, and is

[1]

owned in proportionate shares by its unit owners. Defendant Porter Building Condominiums may be served with process by serving the Porter Building Owners' Association, Inc.

3) Defendant Porter Building Owners' Association, Inc., (herein "Defendant Association") is a domestic non-profit mutual benefit corporation, organized under the laws of the State of Tennessee, doing business at 10 North Main Street, Memphis, Shelby County, Tennessee. Defendant Porter Building Owners Association, Inc., may be served with process by serving its registered agent, Stephen Peasley, 10 North Main Street, Memphis, Tennessee.

## II.

## JURISDICTION AND VENUE

4) The acts and omissions complained of herein occurred in Memphis, Shelby County, Tennessee, on October 31, 2019.

5) The Circuit Courts of Tennessee have jurisdiction over the parties and subject matter of this complaint.

6) The Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis is the proper venue for this action.

## III.

## FACTS

7) Pursuant to T.C.A. 66-27-401 et seq. and Article VIII, Paragraph (3) of the Master Deed of the Porter Building Condominiums, the Defendant Porter Building Owners' Association, Inc., is "responsible for the operation and management of the Condominium Project, the maintenance and repair of the Common Elements including the Residential Limited Common Elements which are to be maintained as Common Elements for levying and collecting all assessments and such other duties and powers as provided for in the Act, the Master Deed, the

Association's Charter, and the Association's Bylaws. Copies of the Master Deed, Charter, and Bylaws are attached to this Complaint as Collective Exhibit A and incorporated by reference herein.

8) Pursuant to T.C.A. 66-27-402(d), Defendant Association has the power to institute, defend, or intervene in litigation or administrative proceedings in its own name on behalf of itself or two (2) or more unit owners on matters affecting the Defendant Condominium.

9) Pursuant to T.C.A. 66-27-411 any action alleging a wrong done by the Defendant Association must be brought against the association and not against any unit owners.

10) Pursuant to T.C.A. 66-27-416(d) a judgment against the Defendant Association must be indexed in the names of the Defendant Condominium and the Defendant Association.

11) The Porter Building Condominiums are located in a high rise building named the D. T. Porter Building which located at 10 North Main Street (a/k/a Mid-America Mall) (herein "the Premises") in Memphis, Tennessee, which was built in 1895.

12) The Premises was placed on the National Register of Historic Places in Shelby County, Tennessee, in 1995. Defendants are subject to regulation of the Premises and received benefits as a result of this registration.

13) The Premises is contained within the Central Business Improvement District created pursuant to T.C.A. §7-84-101, et seq. The Premises is subject to regulation pursuant to T.C.A. §7-84-101, et. seq., and to the Memphis, Tennessee, Code of Ordinances which implement and regulate the Central Business Improvement District, including but not limited to Sec. 2-84-1, et. seq.; Sec. 12-32-1, et seq.; Sec. 12-44-1, et seq.; and 12-48-1, et seq.

14) The Defendants are subject to regulation and have received benefits as a result of the Premises being contained within the Central Business Improvement District.

15) On October 31, 2019, at or about 9:00 a.m. your Plaintiff John Freeman was walking north on the Mid-America Mall/North Main Street approaching the Porter Building.

16) At all times complained of herein, the Mid-America Mall/Main Street was public property dedicated to transport of pedestrians such as Plaintiff Freeman.

17) As Plaintiff Freeman was walking on the Mid-America Mall alongside the Porter Building, suddenly and without warning, many large pieces of the brick, mortar and decorative concrete on the top of the Porter Building broke away and fell more than one hundred feet down onto him and onto the public walkway around him. A watermelon-sized chunk of decorative concrete struck your Plaintiff on his head, causing him to suffer severe and permanent injuries as set forth below.

18) Defendants were in control or possession of the Premises as the owner/occupant/entity in charge of said Premises.

19) Defendants had a duty to people who walked or otherwise travelled on the Mid-America Mall/North Main street in the vicinity of the Premises, including Plaintiff Freeman, to inspect, repair, and maintain the Premises so as not to permit hazardous conditions which could cause any injury to any person.

20) Defendants were solely responsible for creating the hazardous conditions which caused the bricks, mortar and/or decorative concrete to fall from the Defendants' building onto the public walkway and strike Plaintiff, causing his injuries.

21) Defendants had actual and/or constructive notice of the dangerous conditions which caused the bricks, mortar, and/or decorative concrete to fall and injure Plaintiff.

22) Defendants moreover had a reasonable opportunity to avoid or eliminate the dangerous conditions which caused the bricks, mortar, and/or decorative concrete to fall before Plaintiff suffered the injuries which are the subject of this complaint.

23) Defendants had a reasonable opportunity to take measures reasonably calculated to remove the dangerous conditions which caused the bricks, mortar, and/or decorative concrete to fall from the Premises.

24) Defendants had a reasonable opportunity to prevent any person or thing from causing the bricks, mortar, and/or decorative concrete to fall from its building and strike Plaintiff.

25) Defendants failed to avoid and/or eliminate the dangerous conditions which caused the bricks, mortar and/or decorative concrete to fall onto Plaintiff before he suffered the injuries which are the subject of this complaint.

26) Defendants failed to warn Plaintiff about the dangerous condition of the Premises before he suffered the injuries which are the subject of this complaint.

27) Defendants failed to have in place proper and safe procedures for inspecting, repairing, and maintaining the Premises.

28) The dangerous condition of the Premises was not open and obvious to Plaintiff.

29) Plaintiff did nothing to cause the brick and mortar to fall from the Premises.

30) The impact of the concrete falling from the Premises on Plaintiff caused him to suffer physical, mental, and economic injuries and damages as set forth in detail hereinbelow.

31) All of the herein described conduct constituted intentional and/or negligent acts and omissions of the Defendants and its agents/servants/employees as set forth in detail herein which were the proximate and legal cause of the injuries and damages suffered by Plaintiff.

32) The falling brick and mortar were reasonably foreseeable and should have been anticipated by the Defendant and its agents/servants/employees.

33) The intentional and/or negligent acts and omissions of the Defendants and its agents/servants/employees alleged herein were resulting and substantial factors in causing the Plaintiff's injuries and damages.

IV.

ALLEGATIONS OF NEGLIGENCE

34) Defendants were negligent in failing to properly inspect, repair, and/or maintain the structural integrity of the Premises, causing or permitting the brick and mortar to fall and strike Plaintiff, causing his injuries.

35) The Defendants were negligent in permitting the hazardous condition which Defendants knew or should have known to exist which caused or permitted the brick and mortar to fall and strike Plaintiff, causing his injuries.

36) The Defendants knew or should have known that there dangerous or defective conditions on the Premises which would result in injuries to people on or near the Premises.

37) The Defendants were negligent in failing to comply with laws and codes, rules, and regulations applicable to maintaining the Premises.

38) The Defendants breached their duty of reasonable care to the public, including Plaintiff, by failing to inform, apprise, or otherwise give notice to the public, including Plaintiff, of the dangerous conditions existing on the Premises.

39) Defendants are liable for the negligent acts and omissions of their agents/employees/servants, which negligent acts and omissions resulted in the Plaintiff's injuries as set forth herein, pursuant to the Doctrines of Agency and/or Respondeat Superior.

[7]

## V.

## RES IPSA LOQUITOR

40) The Premises from which the brick, mortar and decorative concrete fell and struck Plaintiff was under the exclusive control of and maintenance by Defendants.

41) In the ordinary course of things, Plaintiff would not have been struck by the falling decorative concrete if Defendants had used proper care.

42) The decorative concrete did not fall on Plaintiff due to any voluntary act on the part of Plaintiff.

43) Plaintiff asserts that the Doctrine of *Res Ipsa Loquitor* is applicable in this matter, and that Defendants' negligence in causing the Plaintiffs' injuries should be inferred. At all times, the Defendants had full control and management of the Premises from which the brick, mortar and decorative concrete fell onto the public walkway and struck Plaintiff. The injury to the Plaintiff would not have occurred in the ordinary course of things if the Defendants had used proper care in its maintenance of the Premises, and the Plaintiff in no way caused or contributed to the fall of the brick, mortar and decorative concrete from the Defendants' Premises.

## VI.

## PROXIMATE CAUSATION

44) As a direct and proximate result of the negligent acts and/or omissions of Defendants and their agents/servants/employees as described herein, Plaintiff has suffered the injuries and damages as set forth below, for which Plaintiff is entitled to compensation.

## VII.

## DAMAGES

45) As a direct and proximate result of the negligent acts and omissions of Defendants and their agents/servants/employees the Plaintiff has suffered serious personal injuries, pain and suffering, mental anguish, loss of ability to earn, and other damages afforded by law for which he is entitled to be compensated, including but not limited to the following:

- a) Contusions, bruising, and swelling of his head/skull;
- b) Multiple lacerations on his scalp requiring debridement and sutures;
- c) Concussion;
- d) Head and neck pain;
- e) Tinnitus and hearing loss on his right side/ear;
- f) Loss of sleep
- g) Impaired ability to enjoy the normal pleasures of life;
- h) Medical expenses, both past and future;
- i) Impaired mobility;
- j) Permanent disability to his body;
- k) Extreme fright, shock, and anxiety;
- l) Great physical pain and mental anguish, past, present and future;
- m) Loss of ability to earn and economic opportunity

## VIII.

## AGENCY AND/OR RESPONDEAT SUPERIOR

46) That all acts of common law negligence and violations of statutes, regulations, and municipal codes committed by the unknown agents/servants/employees of Defendants, who were

on or about the business of their principal/employer, at all times complained of herein, are hereby imputed to the Defendants, pursuant to the Doctrines of Agency and Respondeat Superior.

IX.

## MEDICAL EXPENSES

47) Plaintiff has attached the medical bills itemized below as Exhibit B to this Complaint pursuant to the provisions of T.C.A. §24-5-113:

| DATE | PROVIDER | CHARGE |
|---|---|---|
| 10/31/2019 | Methodist Hospital University Emergency Department | $7,703.00 |
| 10/31/2019 | Memphis Radiological, PC CT Head, CT CRV | $501.00 |
| 10/31/2019 | Sound Physicians Emergency Medicine ER Physician | $2,363.00 |
| 11/26/2019 12/17/2019 | Memphis Physicians Radiological Group/DeSoto Imaging Specialists 11/26 – MRI Brain Stem; MRI Spinal Canal Cervical 12/17 – CT Orbit Sella/PostFossa/Ear | $4,893.00 |
| 12.09/2019 | DeSoto Ear, Nose & Throat Comprehensive audiometry evaluation & tympanometry | $475.00 |
| 02/10/2020 | Shea Ear Clinic Ear microscopy; tympanometry & reflex threshold; comprehensive hearing test; | $661.49 |
| | TOTALS | $16,596.49 |

**WHEREFORE, PREMISES CONSIDERED, YOUR PLAINTIFF PRAYS:**

(1) That proper process issue and be served on the Defendants, directing them to appear and answer the Complaint against them;

(2) That upon a hearing of this case, the jury award actual and compensatory damages in an amount sufficient to fully compensate the Plaintiff for all losses, and

(3) For such other, further, general and specific relief to which he may be entitled under the premises.

**PLAINTIFF DEMANDS A JURY TO TRY THIS CAUSE.**

HEATON AND MOORE, P.C.

BY: /s/ Robert L. Moore
Robert L. Moore, BPR#11070
William W. Heaton, BPR#9185
Attorneys for Plaintiff
44 N. Second, Suite 1200
Memphis, TN 38103-0534
901-526-5975, Ext. 559
facsimile 901-527-3633
rmoore@heatonandmoore.com
wheaton@heatonandmoore.com